```
            IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                                )
                                      )    Chapter 7
DAVID RICHARD CALHOUN,                )
fdba Badger Contracting, LLC,         )    Bankruptcy No. 04-00859
fdba Badger Construction, LLC,        )
fdba Bellisimo Contracting, LLC,      )
                                      )
       Debtor.                        )
```

### ORDER RE MOTION FOR DETERMINATION

Hearing was held on the above-captioned matter on June 8, 2004. Debtor appeared by Attorney Michael Mollman. Movant Rental Service Corp. appeared by Attorney Steven Havercamp. This matter was argued after which the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

### STATEMENT OF THE CASE

The issue presented is narrow: Who is covered by the automatic stay in this case? Rental Service Corp. raises this issue in its Motion for Determination filed April 28, 2004.

### FINDINGS

Debtor David Richard Calhoun ("Debtor") filed for relief as an individual under Chapter 7 on March 11, 2004. In the section captioned "All Other Names used by the Debtor in the last 6 years," Debtor listed fdba Badger Contracting, LLC ("Badger"), fdba Badger Construction, LLC, and fdba Bellisimo Contracting, LLC. These companies are not listed as debtors on the petition, and have not filed for relief.

Debtor listed the nature of his debts as consumer/non-business. On Schedule I, Debtor lists himself as self-employed, having been so for only one month prior to the petition date, and lists the same employer address as is used for both Badger and Bellisimo Construction. There are no other debtors filing jointly with Debtor, and Debtor did not sign the petition in the space reserved for authorized individuals of corporations or partnerships.

On the statement of financial affairs, Debtor did not list an interest in any of the aforementioned LLCs.  In particular, under item 18 "nature, location, and name of business," which directs individual debtors to list specific information about each business in which they were officers within the six years preceding the petition date, Debtor checked the box marked "None."  Under Item 12 of Schedule B, "Stocks and interests in incorporated and unincorporated businesses," Debtor did not list any interests.  It is unclear what interest, if any, Debtor has in any of the three LLCs.

All but two of the lawsuits listed under Item 4 of Debtor's statement of financial affairs list Badger as the defendant, not Debtor.  In addition, most of the unsecured non-priority creditors listed on Schedule F appear to be creditors of Badger, rather than creditors holding claims against Debtor individually.

Rental Service Corporation ("RSC") is a creditor of Badger.  On the commercial credit application executed by Badger and RSC, Chad Calhoun is listed as Badger's owner and Deb Calhoun is listed as the contact person/bookkeeper.  Debtor's name does not appear anywhere in the credit contracts between RSC and Badger.  However, Debtor lists RSC as a creditor, and Deb and Chad Calhoun as co-debtors on the RSC debt.

Chad Calhoun signed a personal guaranty on the credit loans extended by RSC to Badger, and Deb Calhoun signed as witness.  RSC filed suit against Badger and Chad Calhoun in the Iowa District Court for Henry County on October 27, 2003.  Neither named party filed an answer, and RSC subsequently filed for default judgment on February 11, 2004.  On March 18, 2004, defendant Badger filed a Notice of Filing of Chapter Seven Bankruptcy in the Henry County District Court, and sent a copy to RSC.  The notice states:

> Comes now, the Defendant, Badger Contracting, Inc., hereby incorporates into the Court file named above copies of the necessary documents attached hereto, regarding his chapter seven bankruptcy filed on March 11, 2004.

The attached documents were the first two pages of Debtor David Calhoun's Chapter 7 Bankruptcy petition filed in this case.  On April 26, 2004, RSC stayed its state court

2

proceeding pending the outcome of this hearing.[1]  Michael L. Mollman is attorney for Debtor in this bankruptcy case and for Badger and Chad Calhoun in the RSC lawsuit.

RSC seeks this Court's determination as to whether Chad Calhoun, Badger Contracting, or any other LLC's are parties to the Chapter 7 petition, thereby bringing them within the protections provided by the automatic stay.

**ELIGIBILITY OF LLCS TO BE DEBTORS AND JOINT PETITION**

An individual or a business may be a debtor under chapter 7 of the Bankruptcy Code.  Section 109(a) provides:

> Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title. [emphasis added]

"Person" is a defined term in the Code, and includes individuals, partnerships, and corporations.  11 U.S.C. § 101(41).  Under Iowa law, a partnership is an entity distinct from its partners.  Iowa Code § 486A.201.  A corporation is also a separate and distinct entity.  In re Ealy, 307 B.R. 653, 658 (Bankr. E.D. Ark. 2004).  Partnerships and corporations may file for bankruptcy.

The limited liability company, or LLC, is a corporate structure of relatively recent origin.  See J. Marc Ward, A Guide to the Iowa Limited Liability Company Act, 42 Drake L. Rev. 385, 386-89 (1993).  It is often referred to as a hybrid of the partnership and the corporation, offering the pass-through taxation of the partnership while preserving the limited liability of the corporation.  Id.  The LLC is, nevertheless, an entity separate and distinct from its members and managers.  Addy v. Myers, 616 N.W.2d 359, 362 (N.D. 2000).

Section 301 governs voluntary petitions, and provides in part that:

---

[1] According to the Iowa State Courts website, cases pending in several Iowa counties against Badger also received Debtor's notice, which was apparently sent to all counties in which there was a suit pending against Badger.

>A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter <u>by an entity that may be a debtor under such chapter</u>. [emphasis added]

The term "entity" is defined, and includes "person." 11 U.S.C. § 101(15). Construing the aforementioned provisions together, the Code permits any one individual, corporation, or partnership to file a voluntary petition. The Code does not include specific reference to LLCs. However, states with LLC statutes similar to Iowa's statute hold that the LLC is sufficiently similar to the enumerated entities to come within the definition of "person" under the Code. <u>In re ICLNDS Notes Acquisition, LLC</u>, 259 B.R. 289, 292-93 (Bankr. N.D. Ohio 2001).

Section 302(a) governs joint cases, but permits joint filings only by spouses. No provision in the Code permits an individual and a business to file jointly. Thus, when an LLC and one of its members both seek to file a bankruptcy petition, they must do so separately.

### LIMITED LIABILITY AND PROPERTY OF THE ESTATE

One feature of the LLC is that it offers the limited liability of the corporate form. Iowa Code sec. 490A.601, entitled "Liability to Third Parties" provides that:

>Except as otherwise provided by this chapter or as expressly provided in the articles of organization, no member or manager of a limited liability company is personally liable for the acts or debts of the limited liability company.

Iowa Code sec. 490A.603(1) states that:

>[A] member or manager of a limited liability company is not personally liable solely by reason of being a member or manager of the limited liability company under any judgment, or in any other manner, for any debt, obligation, or liability of the limited liability company, whether that liability or obligation arises in contract, tort, or otherwise.

Subsection (2) states that a member of a limited liability corporation is personally liable to the extent that the member would be personally liable as a shareholder in a corporation. Iowa Code § 490A.603(2). Under Iowa law, a corporate shareholder is only liable for corporate debts to the extent of the consideration paid for the shares. Iowa Code § 490.622(1). A shareholder is not personally liable for the acts or debts of the corporation. Iowa Code § 490.622(2).

Under Iowa law, a debtor's membership interest in an LLC is personal property. Iowa Code § 490A.901. Such interest becomes property of the estate upon filing of the petition. 11 U.S.C. § 541(a)(1). The automatic stay bars collection efforts and actions to procure or enforce judgments against property of the estate. 11 U.S.C. § 362(a). However, the debtor's property interest in a corporation or an LLC is narrowly confined to the intangible rights represented by the stock certificate or other ownership documentation. In re People's Bankshares, Ltd. 68 B.R. 536, 539 (Bankr. N.D. Iowa 1986) (applying corporation principles); In re Rodio, 257 B.R. 699, 701 (Bankr. D. Conn. 2001) (property of an LLC is not property of the individual members).

The separate legal existence of a corporation is respected in bankruptcy. People's Bankshares, 68 B.R. at 539. The automatic stay does not stay actions against separate entities associated with the debtor. Id.

### ANALYSIS

The express language of the Code prohibits Debtor from filing a joint petition with Badger or any of the other LLCs. Debtor's attempt to make Badger a party to Debtor's individual petition is prohibited. Simply listing the names of the LLCs prefaced by "fdba" does not constitute inclusion of the LLC entities in the bankruptcy petition. The case was filed as an individual petition, and as such the filing of the petition has no effect on the property or the debts of the LLCs.

Debtor's petition is deficient in many respects. In particular, Debtor failed to fill in the information required under items 18 and 19 of Debtor's Statement of Financial Affairs, which was signed under penalty of perjury. As such, this Court is not informed of Debtor's current role in the various LLCs listed as former business aliases. Debtor also failed to list his interests in the LLCs as personal property

5

under Item 12 of Schedule B.  This Court has no information as to Debtor's interest in the LLCs.

The various claims listed on Schedules D, E, and F appear to be debts of Badger Contracting, LLC.  It is unclear whether Debtor incurred any personal liability on these debts.  The majority of the lawsuits and judgments listed in the Statement of Financial Affairs are against Badger, not Debtor, and many of these lawsuits and judgments correspond to unsecured non-priority claims included on Schedule F.  The conclusion reached by this Court, absent more information, is that the debts listed on Debtor's schedules appear to be Badger's debts, on which Debtor has no personal liability.  These debts appear to be improperly listed on Debtor's individual bankruptcy petition.

**SUMMARY**

Only the named petitioner, David Richard Calhoun, is protected by the automatic stay in this case.  None of the LLC's referred to are parties to the bankruptcy.  They are not proper parties and are not protected by the provisions of the automatic stay.  Some reference is made to a Chad Calhoun and a Deb Calhoun.  So there is no misunderstanding, these individuals are not debtors or parties in this bankruptcy case and are not protected by the automatic stay.  It is troubling that notices have apparently been sent to various State courts purporting to stay State proceedings in which David Richard Calhoun is not a named defendant.  The Court reserves the right to review this matter more fully at a subsequent time to determine if the stay provisions of the Bankruptcy Code have been abused.  At this time, the issue presented is narrow in scope and the Court will rule only on that issue.

**WHEREFORE**, the Movant's motion for declaratory relief is GRANTED.

**FURTHER**, it is the determination of this Court that Badger Contracting, LLC is not protected by the automatic stay.

**FURTHER**, Badger Construction, LLC is not protected by the automatic stay.

6

**FURTHER**, Bellisimo Contracting, LLC is not protected by the automatic stay.

**FURTHER**, Debra A. Calhoun is not protected by the automatic stay.

**FURTHER**, Chad Calhoun is not protected by the automatic stay.

**FURTHER**, David Richard Calhoun is the only Debtor named in the Chapter 7 petition and is the only person protected by the automatic stay as his interests may appear in any State court proceeding.

**FURTHER**, David Richard Calhoun and his counsel are directed to forthwith file with every State Court in which they filed a "Notice", a supplemental notice explaining that this matter has been reviewed by the U.S. Bankruptcy Court limiting the effect of the automatic stay.  Debtor and his counsel shall attach a copy of this Order to each supplemental Notice.

**SO ORDERED** this 24th day of June, 2004.

_____
PAUL J. KILBURG
Chief Bankruptcy Judge